# RYAN K. DESMOND
DISTRICT ATTORNEY GENERAL
5TH JUDICIAL DISTRICT

**FROM:** Ryan K. Desmond, District Attorney General, Fifth Judicial District

TO:
| | | |
|---|---|---|
| Ed Mitchell<br>*Blount County Mayor* | James Berrong<br>*Blount County Sheriff* | Greg McClain<br>*Maryville City Manager* |
| Tony Crisp<br>*Maryville Police Chief* | Mark Johnson<br>*Alcoa City Manager* | David Carswell<br>*Alcoa Police Chief* |
| Bryan Coker<br>*President, Maryville College* | Jake Reagan<br>*Director of Events* | Blount Pride<br>*Event Organizer* |

## NOTICE REGARDING THE ADULT ENTERTAINMENT ACT

Having received numerous communications from law enforcement, local officials, and concerned citizens, the Blount County District Attorney's Office is aware of a coming event planned for September 2, 2023, that is marketing itself in a manner which raises concerns that the event may violate certain criminal statutes within the State of Tennessee. After thorough research and reflection, and in order to put potential parties on notice of possible ramifications of criminal conduct, I believe it is appropriate to share my prosecutorial position on the issues at hand.

In early 2023, the Tennessee General Assembly passed The Adult Entertainment Act (AEA) which was signed into law by the Governor of Tennessee. This law will be broken down into detail later in this correspondence. My office is aware of the June 2, 2023, District Court ruling from the Western District of Tennessee that found the AEA unconstitutional and enjoined the District Attorney of the 30th Judicial District from prosecuting cases under these criminal statutes.

It is clear from the holding and subsequent order that this enjoinder is presently only applicable to the 30th Judicial District. The Attorney General for the State of Tennessee maintains that the AEA passes constitutional muster, has appealed this holding, and further opined that the ruling is binding only on the 30th Judicial District. My legal analysis leads me to concur with the State Attorney General, both as to the constitutionality of the AEA as well as the applicability of the District Court's order controlling only the District Attorney for the 30th Judicial District.

It is my conclusion that violations of the AEA can and will be prosecuted by my office, however it is important to note that we do not prematurely evaluate the facts or evidence related to a

potential investigation into possible criminal conduct. It is only after review of all the relevant evidence that my office will reach a position as to whether criminal conduct has occurred. I have relayed my position to local law enforcement, and they are aware that if charges are brought under this statute, and that review of the evidence substantiates the charges, the Blount County District Attorney's Office will prosecute any criminal violations, subject to our prosecutorial discretion.

It should be noted at this point that a diligent search of relevant statutory authority has revealed no mechanism under which a District Attorney General in the State of Tennessee could petition for a temporary injunction to enjoin an individual or group from organizing and holding an event that would be violative of the AEA. There are certain criminal activities in which statutes have been enacted to authorize District Attorneys to petition for temporary injunctions, but the AEA is not presently included in any such statute.

To apprise all interested parties of what conduct is criminalized under the AEA, a summary of the law is provided below:

> *Tennessee Code Annotated § 7-51-1407(a)(1) states that an adult-oriented establishment or **adult cabaret** shall not locate within one thousand feet (1,000') of a child care facility, a private, public, or charter school, a public park, family recreation center, a residence, or a place of worship.*
>
> *An **adult cabaret** is defined in Tennessee Code Annotated § 7-51-1401(2) as a cabaret that features topless dancers, go-go dancers, exotic dancers, strippers, male or female impersonators, or similar entertainers.*
>
> *For the purposes of Tennessee Code Annotated § 7-51-1407(a)(1), measurements shall be made in a straight line in all directions, without regard to intervening structures or objects, from the nearest point on the property line of a parcel containing an adult-oriented establishment to the nearest point on the property line of a parcel containing a child care facility, a private, public, or charter school, a public park, family recreation center, a residence, or a place of worship.*
>
> *Tennessee Code Annotated § 7-51-1407(c)(1) states that it is an offense for a person to perform **adult cabaret entertainment:***
>
>> *(A) On public property; or*
>>
>> *(B) In a location where the adult cabaret entertainment could be viewed by a person who is not an adult.*
>
> ***Adult cabaret entertainment** is defined in Tennessee Code Annotated § 7-51-1401(3) as:*
>
>> *(A) adult-oriented performances that are **harmful to minors**, as that term is defined in § 39-17-901, and that feature topless dancers, go-go dancers, exotic dancers, strippers, male or female impersonators, or similar entertainers; and*
>>
>> *(B) Includes a single performance or multiple performances by an entertainer.*

***Harmful to Minors*** *is defined in Tennessee Code Annotated § 39-17-901 as that quality of any description or representation, in whatever form, of nudity, sexual excitement, sexual conduct, excess violence or sadomasochistic abuse when the matter or performance:*

*(A) Would be found by the average person applying contemporary community standards to appeal predominantly to the prurient, shameful or morbid interests of minors;*

*(B) Is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable for minors; and*

*(C) Taken as whole lacks serious literary, artistic, political or scientific values for minors.*

It is important to note once again that this office will not prematurely evaluate the facts or evidence related to a potential investigation into possible criminal conduct. It is certainly possible that the event in question will not violate any of the criminal statutes, however if sufficient evidence is presented to this office that these referenced criminal statutes have been violated, our office will ethically and justly prosecute these cases in the interest of justice.

Finally, it is possible that there will be both protestors and counter-protestors present at this event. The First Amendment of the United States Constitution states that Congress, "shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." The Fourteenth Amendment guarantees this right to the citizens of the State of Tennessee and the Blount County District Attorney's Office has great respect and deference to individuals' constitutional rights. It is important however to place emphasis on the word "peaceably" in the above referenced amendment. Both protestors and counter-protestors are equally subject to the laws of the State of Tennessee, including laws pertaining to assault, vandalism, criminal trespassing, and disorderly conduct. Further protestors and counter-protesters are subject to valid time, place, and manner restrictions. All laws will be applied equally and justly to any involved parties, and violations of any laws will likewise be prosecuted fairly and justly by this office.

I thank you for your time and attention to this matter.

Ryan K. Desmond
District Attorney General
Fifth Judicial District