# EXHIBIT 7

Case 3:23-cv-00316-JRG-JEM   Document 10-8   Filed 08/31/23   Page 1 of 3   PageID #: 355

## Judge Finds Tennessee Law Aimed at Restricting Drag Shows Unconstitutional

The law, one of the first aimed at curbing drag performances in front of children, had been on hold for nearly two months as the legal battle went on.



By **Emily Cochrane**

Emily Cochrane, who lives in Nashville and covers the American South, has reported on the law and its impact across Tennessee.

June 3, 2023

A federal judge said late Friday that a law in Tennessee aimed at restricting drag shows was unconstitutional, saying it was overly broad and violated the First Amendment.

The ruling is an initial victory for supporters of L.G.B.T.Q. rights after weeks of turmoil and confusion over the law's language and how it would affect not only drag artists in the state, but also transgender, nonbinary and other gender-nonconforming people. Tennessee, which passed the law this year with the stated goal of protecting children, was among more than a dozen states that passed measures restricting L.G.B.T.Q. rights.

Although only Shelby County, where the lawsuit was filed, is explicitly prevented from enforcing the law, the decision by Judge Thomas L. Parker of the Federal District Court in Memphis sent a clear signal about the statute that could affect enforcement of the law and lead to challenges elsewhere in Tennessee.

The attorney general of Tennessee, Jonathan Skrmetti, who said he expected to appeal the decision, maintained that the ruling did not affect the rest of the state. "The Adult Entertainment Act remains in effect outside of Shelby County," he said. He added that the law's language "is rooted in the U.S. Supreme Court's long-established First Amendment precedent."

Gov. Bill Lee signed the law in early March, but it had been on hold after a Memphis theater company, Friends of George's, challenged it in court and Judge Parker issued a temporary injunction.

Friends of George's, which frequently puts on productions featuring drag or L.G.B.T.Q. actors, argued that the wording of the law was vague and threatened its constitutional right to freedom of speech and its income from performances.

The law does not explicitly refer to drag but forbids "adult cabaret," including by "male or female impersonators," on public property or anywhere children could see it if the performance meets the state's definition of "harmful to minors." Violators of the law would be charged with a misdemeanor for a first-time offense and a felony for subsequent offenses.

During the temporary injunction, the law's potential impact had sowed fear and uncertainty among drag artists and organizers behind a series of Pride Month celebrations set to take place across Tennessee.

Across the country, drag events and Pride celebrations have faced an uptick in protests and threats, as conservative activists have sought to limit the events in public or in the presence of children. In Los Angeles on Friday, a fight broke out near an elementary school between parents protesting a Pride Day assembly and counterprotesters.

Judge Parker's ruling on Friday came hours before dozens of drag artists and thousands of revelers were expected to celebrate the Memphis Pride Festival and Parade on Saturday.

In his 70-page ruling, the judge said the law "reeks with constitutional maladies of vagueness." He added that the legislature "carelessly, if not intentionally" enacted the measure "for the inappropriate purpose of chilling constitutionally free speech."

A spokeswoman for Governor Lee did not immediately respond to a request for comment. But Jack Johnson, the State Senate majority leader and a key sponsor of the legislation, supported appealing the decision.

"Despite the court's perplexing reading of the law, I am confident — and have always been — that this legislation does nothing to suppress the First Amendment," he said in a statement.

Tennessee Republicans and conservative activists have framed the law as a way to protect children, saying that it would not infringe on any performances that were not obscene. Before the ruling, the court had also received multiple letters from individuals across the state calling for the law in order to shield children from inappropriate content.

The measure was crafted in part after a state lawmaker, Representative Chris Todd, and other community members in Jackson, Tenn., successfully sued over a drag show, advertised as family-friendly entertainment, at a Pride celebration there. (On Twitter, Mr. Todd said he supported appealing the ruling.)

But critics of the law said its ambiguous language could escalate harassment against not only drag performers, but also transgender or gender-nonconforming people going about their daily lives. They also warned that it ignored an opportunity for children, especially L.G.B.T.Q. youth, to learn about self-expression and acceptance.

Steven J. Mulroy, the Shelby County district attorney who was listed as the defendant in the lawsuit due to his official role in that jurisdiction, said in a statement that he supported the decision on the measure. "I look forward to not enforcing it," he said.

Regina L. Hillman, an assistant professor of law at the University of Memphis who challenged laws banning marriage equality in the state, said that though the ruling was not binding outside of Shelby County, "it's certainly heavily, heavily persuasive."

"The analysis is not limited, regarding the constitutionality of it," she added, noting that it is likely that other challenges emerge elsewhere in the state that cite Judge Parker's findings. Should there be an appeal, she said, that ruling could also result in a broader decision for the entire state.

Judge Parker acknowledged what he described as a "compelling state interest in protecting the physical and psychological well-being of minors." But he pointed to comments from Mr. Todd and other lawmakers during debate and testimony in the State Legislature earlier this year as evidence that the law was "geared toward placing prospective blocks on drag shows — regardless of their potential harm to minors."

The judge also noted that drag, though not specifically mentioned in the law, served as "the one common thread" in examples of conduct described as harmful to minors.

With a nod to Elvis Presley, one of Tennessee's most impersonated singers, the judge sketched out a scenario where a woman performing in an Elvis costume was far more likely to face punishment under the law than a man and questioned whether an Elvis impersonator of either gender would be wholly protected under the law.

The law, he said, "targets the viewpoint of gender identity."

Judge Parker also took issue with the decision to use the phrase "male or female impersonators." Referring to the decision by lawmakers to group those people with exotic dancers, topless dancers and strippers, he said that while "doing so may have escaped many readers' scrutiny in 1987, it may not do so with ease in 2023."

**Emily Cochrane** is a national correspondent covering the American South, based in Nashville. She was previously a congressional correspondent in Washington, chronicling the annual debate over government funding and economic legislation. More about Emily Cochrane

A version of this article appears in print on , Section A, Page 17 of the New York edition with the headline: Tennessee Anti-Drag Law Is Ruled Unconstitutional