IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

---

| | | |
|---|---|---|
| BLOUNT PRIDE, INC., *a 501(c)3 nonprofit organization*, and MATTHEW LOVEGOOD,<br><br>PLAINTIFFS,<br><br>v.<br><br>RYAN K. DESMOND, *in his official and capacity as the District Attorney General of Blount County, Tennessee*, JAMES BERONG, *in his official capacity as Blount County Sheriff*, TONY CRISP, *in his official capacity as Maryville Police Chief*, DAVID CARSWELL, *in his official capacity as Alcoa Police Chief*, and JONATHAN SKRMETTI, *in his official capacity as Attorney General of Tennessee*,<br><br>DEFENDANTS. | ) | **Case No.**<br><br>**COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983** |

---

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

---

## I. INTRODUCTION

Within a day of Defendant Ryan K. Desmond threatening prosecution under the already-once-declared-unconstitutional Adult Entertainment Act concerning a forthcoming September 2, 2023 event and copying several members of law enforcement on that correspondence, *see* Doc. 1-3, the Plaintiffs retained counsel, filed suit, and sought appropriate emergency relief to maintain

the status quo. Defendant Desmond ("Defendant" or "the State") claims Plaintiffs' constitutional theories are "undeveloped" and "previously rejected." Doc.10 at PageID 184. This is a baffling assertion, as facial challenges to both this law and to a myriad of similar laws around the country have been universally rejected by federal courts. *See generally Friends of Georges, Inc. v. Mulroy*, No. 223CV02163TLPTMP, 2023 WL 3790583 (W.D. Tenn. June 2, 2023); *HM Fla.-Orl, LLC v. Griffin*, No. 6:23-cv-950-GAP-LHP, 2023 U.S. Dist. LEXIS 111612 (M.D. Fla. June 23, 2023); *Imperial Sovereign Court v. Knudsen*, No. CV 23-50-BU-BMM, 2023 U.S. Dist. LEXIS 131233 (D. Mont. July 28, 2023); *The Woodlands Pride, Inc. V. Colmenero*, No. 4:23-cv-02847, U.S. Dist. (S.D. Tex. Aug. 31, 2023) (order granting temporary restraining order)

The Defendants now assert that "Plaintiffs' delay in suing should foreclose preliminary relief." *See* Doc. 10 at 25. They also maintain that District Attorney Desmond's explicit threat letter—which he sent after his review of Blount Pride, Inc.'s specific "marketing" materials in order to put the Plaintiffs' "on notice of possible ramifications of criminal conduct[,]" *see* Doc. 1-3 at 1—was not an enforcement warning letter. *See id.* at 11–12. Notwithstanding a sister federal court recently awarding final merits relief as to *all* of the Plaintiffs' claims here, *see generally Friends of Georges, Inc.*, 2023 WL 3790583, the Defendants insist that "Plaintiffs Have No Likelihood of Success on the Merits" of their claims here, either. *See* Doc. 10 at 7. Because none of the Defendants' arguments has merit, this Court should issue a Temporary Restraining Order to maintain the status quo.

## <u>II. ARGUMENT</u>

### A. <u>The Plaintiffs are likely to succeed on the merits.</u>

#### 1. The Plaintiffs have standing.

"When contesting the constitutionality of a criminal statute, 'it is not necessary that [the

plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute that he claims deters the exercise of his constitutional rights.'" *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298, 99 S. Ct. 2301, 2309, 60 L. Ed. 2d 895 (1979) (alterations in original) (cleaned up). Thus, "[p]laintiffs may have standing even if they have never been prosecuted or threatened with prosecution." *McGlone v. Bell*, 681 F.3d 718, 729 (6th Cir. 2012). Further, "[t]he ordinary injury-in-fact requirement for standing is properly relaxed in the case of facial overbreadth challenges 'because of the "danger of tolerating, in the area of First Amendment freedoms, the existence of a penal statute susceptible of sweeping an improper application."'" *Red Bluff Drive-In, Inc. v. Vance*, 648 F.2d 1020, 1034 n.18 (5th Cir. 1981) (quoting *Bigelow v. Virginia*, 421 U.S. 809, 816 (1975)). "This is deemed necessary because persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions provided by a statute susceptible of application to protected expression." *Gooding v. Wilson,* 405 U.S. 518, 521 (1972) (collecting cases).

Where the relaxed standards that govern overbreadth challenges do not apply, the Sixth Circuit has "highlighted four commonly recurring factors to consider: (1) Does the relevant prosecuting entity have a prior history of enforcing the challenged provision against the plaintiffs or others? (2) Has that entity sent warning letters to the plaintiffs regarding their conduct? (3) Does the challenged regulatory regime make enforcement easier or more likely? and (4) Did the prosecuting entity refuse to disavow enforcement of the challenged provision against the plaintiffs?" *Fischer v. Thomas*, 52 F.4th 303, 307 (6th Cir. 2022). This test "isn't a laundry list; [plaintiffs] don't have to satisfy all the factors" to have standing. *See id.* Based on the facts presented here, the Defendants' argument that the Plaintiffs lack standing is not only wrong; it is unserious.

The second and fourth considerations settle the matter. Here, after his review of Blount Pride, Inc.'s specific "marketing" materials, the District Attorney sent a warning letter to Blount Pride to put the Plaintiffs' "on notice of possible ramifications of criminal conduct[,]" *see* Doc. 1-3 at 1. The Defendants nonetheless insist that there have been "No Warning Letters" because "General Desmond's letter did not threaten to enforce the law against Plaintiffs' 'specific conduct.'" Doc. 10 at 12. The letter is explicitly concerned with the "coming event planned for September 2, 2023," though. *See* Doc. 1-3 at 1. Accordingly, the Defendants' claim on the matter does not pass the straight-face test.

The District Attorney has not "refuse[d] to disavow enforcement of the challenged provision against the plaintiffs[,]" either. *See Fischer*, 52 F.4th at 307. To the contrary, he has put them on "**NOTICE**" of his "prosecutorial position" and warned that "violations of the AEA can and will be prosecuted by my office[.]" *See* Doc. 1-3 at 1. So this factor is established, too.

The Defendants' contrary claims do not help them, either. For instance, they insist that "Plaintiffs have not alleged an intention to stage performances that are 'harmful to minors.'" *See* Doc. 10 at 9. That is not the standard for pre-enforcement review, which the Sixth Circuit clarified in *Crawford v. United States Department of Treasury*:

> To have standing to bring a pre-enforcement challenge to a federal statute, there must be a *substantial probability* that the plaintiff actually will engage in conduct that is *arguably affected* with a constitutional interest, and there must be a certain threat of prosecution if the plaintiff does indeed engage in that conduct.

868 F.3d 438, 454–55 (6th Cir. 2017) (emphasis added) (combining standards from Susan B. Anthony List v. Driehaus, 573 U.S. 149, 159 (2014), Warth v. Seldin, 422 U.S. 490, 498 (1975), and Clapper v. Amnesty Int'l USA, 568 U.S. 398, 402 (2013). One of Plaintiffs' arguments is that the Act is vague and violates the Due Process Clause of the Fourteenth Amendment. The AEA is written such that neither Plaintiffs nor Defendant has a clear understanding of what conduct is

prohibited. Plaintiffs' "marketing" materials did not state any intention to violate the law, and yet based on his review of those materials, the Defendant District Attorney has threatened to prosecute them. *See* Doc. 1-3 at 1. The apparent disagreement between the Defendant Desmond and his counsel regarding how the Act ought to be interpreted thus establishes the need for a clarifying declaration, rather than undermining it.

Nor is this a situation where Plaintiffs' mere "fear" of prosecution is "misplaced[.]" Glenn *v. Holder*, 690 F.3d 417, 422 (6th Cir. 2012). The Plaintiffs' fear is not a figment of their imagination. Nor did they have it until recently. When the Defendant District Attorney threatened prosecution based on their "marketing" materials, though, *see* Doc. 1-3 at 1, they were and remain entitled to take the Defendants' explicit threat to their constitutional rights seriously. The Plaintiffs have standing to seek pre-enforcement relief as a result.

**2. Unless and until the State of Tennessee obtains appellate relief concerning a declaration that it contends was overbroad, the *Friends of Georges* Declaration applies here.**

In *Friends of Georges, Inc. v. Mulroy*, 2023 WL 3790583, at *33, the District Court entered two forms of relief. First, its order "**ENJOINS** District Attorney Steven J. Mulroy from enforcing the Adult Entertainment Act within his jurisdiction in **SHELBY COUNTY, TENNESSEE**." *Id.* That injunction was geographically limited to "Shelby County, Tennessee." *Id.* Nobody asserts otherwise. *Id.*

The declaratory relief that the District Court entered was not geographically limited, though. Instead, its ruling states that: "The Court therefore **HOLDS** and **DECLARES** that the Adult Entertainment Act is an **UNCONSTITUTIONAL** restriction on speech. (ECF No. 19-1.) The Court concludes that the AEA violates the First Amendment as incorporated to Tennessee by the Fourteenth Amendment, and it cannot be enforced consistently with the supreme law of the

land: the United States Constitution." *Id.* at *32. Despite a full and fair opportunity to seek a stay pending appeal of the District Court's unrestricted ruling that the Act "cannot be enforced," though, *see id.*, the State of Tennessee, through the official-capacity defendant there, opted not to do so. *See* Doc. 1-5.

Arguing that the State of Tennessee—through another official-capacity Defendant who is in privity with the Defendant in *Friends of Georges*—should be free to ignore the earlier adverse ruling and reargue the point here, the Defendants assert various arguments about the scope of permissible relief under the Declaratory Judgment Act and the scope of relief that District Courts may lawfully grant. *See* Doc. 10 at 7–9. These arguments are directed to the wrong forum, though. To the extent that the State of Tennessee takes issue with the breadth of relief awarded against it in *Friends of Georges*, the audience for those claims is either the trial court itself or the Sixth Circuit Court of Appeals.

To date, however, the State of Tennessee has failed to seek a stay of the *Friends of Georges* declaration or an order narrowing it pending appeal. *See* Doc. 1-5. That—the appellate process—is the correct way to remedy an assertedly overbroad declaration, as the State has been warned before. *See Recipient of Final Expunction Ord. in McNairy Cnty. Cir. Ct. Case No. 3279 v. Rausch*, 645 S.W.3d 160, 172 (Tenn. 2022) ("Recourse for judicial error may be sought by an appeal or a proper request for relief from a final judgment—not by an attempt to relitigate a final order in a second lawsuit."). It is also why other litigants making *exactly the same arguments that the Defendants make here* have sought and obtained appellate relief when presented with the same circumstances. *See, e.g.*, *McCormack v. Hiedeman*, 694 F.3d 1004, 1020 (9th Cir. 2012) ("we conclude that the district court's preliminary injunction should be narrowed so that it enjoins only future prosecution of McCormack."); *McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir.

1997) ("[W]e summarily reverse the injunction. The fundamental problem with this injunction is that plaintiffs lack standing to seek—and the district court therefore lacks authority to grant—relief that benefits third parties.").

The Attorney General knows how to ask the Sixth Circuit for a narrowing construction, too, *as it is a core aspect of the Friends of George's appeal*. The Attorney General posed as its fourth question for appeal: "Whether the District Court erred in the scope of relief provided." *Friends of George's v. Mulroy*, 23-5611, Dkt. 26 at p.17 (6th Cir. 2023) (**Ex. 1**). As grounds for its claim that the Western District issued relief that was too broad, the same attorney who represents the Defendants here complained that the order "exceeded 'the judicial role of resolving cases and controversies'" because it ordered "'the government to take (or not take) some action with respect to those who are strangers to the suit[.]'" *Id.* at 69–70 (brief pages 52–53).

As such, not only is the State raising this issue in the improper forum here; the State's dispute about the scope of relief ordered in *Friends of Georges* is squarely before the Sixth Circuit, and the Attorney General has thoughtfully chosen not to seek a stay or narrowing construction pending appeal.

However, even if this were the correct forum, Defendant's assertion regarding the scope of the declaratory relief the Western District ordered would not necessarily be correct. In *HM-Fla.-Orl, LLC v. Griffin*, a District Judge in the Middle District of Florida enjoined the enforcement of a statute substantially similar (though materially less restrictive) to the Act. The Florida Attorney General then filed a motion for an order narrowing the injunction to only the parties themselves, the plaintiff corporation and the official capacity defendant, Melanie Griffin, who is functionally the State of Florida. The Court, in denying this request, observed that First Amendment cases are subject to a different standard, ruling:

> Plaintiff is not the only party suffering injury as a result of the passage of the Act; it has a chilling effect on all members of society who fall within its reach. Therefore, enjoining Defendant's enforcement of the statute against any party is the appropriate remedy. *See Broadrick*, 413 U.S. at 613 ("The consequence of our departure from traditional rules of standing in the First Amendment area is that *any enforcement of a statute thus placed at issue is totally forbidden* until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression.")

*HM Fla.-Orl, LLC v. Griffin*, 2023 U.S. Dist. LEXIS 134671, *5

Thus, the declaratory relief granted in *Friends of George's* is not overbroad. *See id.* Prohibitions on speech do not just harm speakers; they harm third party *listeners* as well, who are similarly entitled to the judiciary's protection. *See, e.g., United States v. Playboy Ent. Grp., Inc.*, 529 U.S. 803, 812 (2000) ("To prohibit this much speech is a significant restriction of communication between speakers and willing adult listeners, communication which enjoys First Amendment protection."); *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council*, 425 U.S. 748, 756 (1976) ("Where a willing speaker exists, "the protection afforded [by the First Amendment] is to the communication, to its source and to its recipients both."). Regardless, though, because the State of Tennessee—the real party in interest—has neither sought nor obtained relief limiting the scope of the *Friends of Georges* declaration pending appeal, and because the official-capacity Defendant here is in privity with the official-capacity defendant in *Friends of Georges*—the State cannot simply disregard the scope of an adverse declaration that it asserts was too broad but has not sought to stay pending appeal. Thus, the *Friends of Georges* declaration applies here.

**3. Plaintiffs did not delay this action.**

Defendant claims that that Plaintiffs waited too long to bring this case, and that this alone "justifies the denial of the pending motion under the laches doctrine." But the State's own conduct caused the eleventh-hour nature of Plaintiffs' suit. In *Friends of George's, Inc. v. Mulroy*, a federal

judge issued declaratory relief without geographical limitations of any kind. Until Defendant notified Plaintiffs that he disagreed with Judge Parker's order and did not consider it applicable to him, Plaintiffs had every reason to rely on the ruling of a federal district court.

In fact, Plaintiffs announced their event on June 11, 2023, only four (4) days after Judge Parker issued final judgment in *Friends of George's*. This temporal proximity is no accident; Plaintiffs relied on and were entitled to rely on Judge Parker's statewide declaratory relief, and they did so based on the reasonable assumption that state officials would abide by the ruling unless stayed or reversed on appeal. Now, the State asks this Court to determine that citizens should *assume* that the State of Tennessee and its officials will not abide by judicial rulings with which they disagree. Given the State's history of such misbehavior, perhaps such an assumption is warranted. *See, e.g., Recipient of Final Expunction Ord. in McNairy Cnty. Cir. Ct. Case No. 3279*, 645 S.W.3d at 171 ("no statute vests the TBI with authority to enforce these statutory ineligibility provisions by disregarding final expunction orders."). But assuming the State's misbehavior is not a prerequisite to obtaining a TRO.

Judge Parker issued final judgment in *Friends of George's* on June 7, 2023. Defendant Desmond had nearly three (3) months to notify the citizens of Blount County that he intended to enforce the AEA in spite of the district court's ruling. He did so only after Defendant became aware of Plaintiffs' promotional materials, and after he first sought a means of prior restraint on Plaintiffs' protected speech.

Plaintiffs received Defendant's letter on Tuesday, August 29, 2023. **Ex. 2**. Plaintiffs filed this action the next day, August 30th, 2023. In less than thirty-six (36) hours, Plaintiffs acquired counsel, drafted and filed a detailed, Verified Complaint, and moved for a temporary restraining order. That is precisely the inverse of "dilatory tactics." Doc.10 at PageID 206.

Respectfully submitted,

/s *Justin S. Gilbert*
Justin S. Gilbert, # 017079
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
justin@schoolandworklaw.com

Brice M. Timmons, # 029582 (*pro hac vice pending*)
Melissa J. Stewart, # 040638 (*pro hac vice pending*)
Craig A. Edgington, # 038205 (*pro hac vice pending*)
Donati Law, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 (Office)
(901) 278-3111 (Fax)
brice@donatilaw.com
melissa@donatilaw.com
craig@donatilaw.com

Stella Yarbrough, BPR # 033637 (*pro hac vice pending*)
Lucas Cameron-Vaughn, # 038451 (*pro hac vice pending*)
Jeff Preptit, # 038451 (*pro hac vice pending*)
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
syarbrough@aclu-tn.org
lucas@aclu-tn.org
jpreptit@aclu-tn.org

Daniel A. Horwitz, # 032176 (*pro hac vice pending*)
Lindsay B. Smith, # 035937 (*pro hac vice pending*)
Melissa K. Dix, # 038535 (*pro hac vice pending*)
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law
(615) 739-2888

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served upon all parties of record via the Court's ECF system on the 31st day of August, 2023.

*/s/ Justin S. Gilbert*
Justin S. Gilbert