United States District Court
Southern District of Texas
**ENTERED**
August 31, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE WOODLANDS PRIDE, INC., ABILENE PRIDE ALLIANCE, EXTRAGRAMS LLC., 360 QUEEN ENTERTAINMENT LLC., BRIGITTE BANDIT, <br><br>Plaintiffs, <br><br>v. <br><br>ANGELA COLMENERO, *in her official capacity as Interim Attorney General of Texas*, MONTGOMERY COUNTY, BRETT LIGON, *in his official capacity*, CITY OF ABILENE, TAYLOR COUNTY, JAMES HICKS, *in his official capacity,* DELIA GARZA, *in her official capacity*, JOE D. GONZALES, *in his official capacity*, <br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. H-23-2847 |

## TEMPORARY RESTRAINING ORDER

Pending before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Document No. 10). The Court, having considered the Plaintiffs' motion and accompanying declarations, as well as the challenged statute, evidence, and testimony, is of the opinion that the Plaintiff's motion for a Temporary Restraining Order ("TRO") be granted.

On June 18, 2023, the governor of Texas signed into law Senate Bill 12 ("S.B. 12"). S.B. 12 purports to ban "sexually oriented performances" through both civil penalties for commercial entities who host such performances and criminal penalties for performers, as well as granting counties and municipalities the ability to ban and regulate such performances. S.B. 12 goes into effect on September 1, 2023.

Based on the foregoing, on August 2, 2023, Plaintiff the Woodlands Pride, Inc. ("Woodlands Pride"), Plaintiff Abilene Pride Alliance ("Abilene Pride Alliance"), Plaintiff Extragrams, LLC ("Extragrams"), Plaintiff 360 Queen Entertainment ("360 Queen Entertainment"), and Plaintiff Brigitte Bandit ("Brigitte Bandit") (collectively, "Plaintiffs") brought this suit seeking to enjoin the enforcement of SB 12 on numerous constitutional grounds including impermissible content and viewpoint restrictions, vagueness, overbreadth, and impermissible prior restraint of speech. On August 14, 2023, the Court ordered that the preliminary injunction hearing would be consolidated into a final trial on the merits. Commencing on August 28, 2023, the Court conducted a two-day hearing, with witness testimony, as to the request for a TRO and permanent injunction (final trial on the merits) (the "Hearing").

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda*

*Cnty.*, 415 U.S. 423, 439 (1974). To obtain a TRO, an applicant must satisfy the following four elements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury; (3) the threatened injury outweighs any harm the order might cause to the defendant; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). "[H]arm is irreparable where there is no adequate remedy at law, such monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). In general, a TRO is not appealable . . . TROs are "usually effective for only very brief periods of time, far less than the time required for an appeal . . . and are then generally supplanted by appealable temporary or permanent injunctions." *Board of Governors of the Fed. Reserve Sys. v. DLG Fin. Corp.*, 29 F.3d 993, 1000 (5th Cir. 1994).

The Plaintiffs contend SB 12 is: (1) an unconstitutional content-based restriction; (2) an unconstitutional restriction based on viewpoint; (3) unconstitutionally overbroad; (4) unconstitutionally vague; and (5) an unconstitutional prior restraint on their speech. Based on the evidence and testimony presented at the Hearing, the Court finds there is a substantial likelihood that S.B. 12 as drafted violates the First Amendment of the United States Constitution under one or more of the legal theories put forward by the Plaintiffs.

Regarding the irreparable harm element, the Court considers the impending infringement on the Plaintiffs constitutional rights sufficient irreparable harm to

warrant enjoining S.B. 12 while a final judgment is drafted. *See Roman Catholic Diocese v. Cuomo*, 141 S. Ct. 63, 67 (2020) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))). As to balance of harms and the public interest, the Court finds that the constitutional question at stake here causes the elements to favor the Plaintiffs. *See Opulent Life Church v. City of Holly Springs*, Miss., 697 F.3d 279, 288 (5th Cir. 2012) ("Injunctions protecting First Amendment freedoms are always in the public interest."). Accordingly, the Court hereby

**ORDERS** the Plaintiffs' Motion for Temporary Restraining Order (Document No. 10) is **GRANTED**. The Court defers its subsequent issuance of a permanent injunction until a final judgment can be drafted and entered. The Court further

**ORDERS** that Defendants are **ENJOINED** from enforcing S.B. 12. This Order applies to all of Defendants' officers, agents, employees, attorneys, and other persons in active concert with them who receive notice of this order pursuant to Federal Rule of Civil Procedure 65(d).

This Order will remain in effect for fourteen days.[1] No bond is required.[2]

SIGNED at Houston, Texas, on this **31** day of August, 2023 at **1:05** p.m.

*David Hittner*

DAVID HITTNER
United States District Judge

---

[1] The Court has the authority, if deemed applicable and necessary, to extend the TRO for not more then fourteen additional days. Fed. R. Civ. P.65(b)(2).

[2] "[T]he amount of security required pursuant to Rule 65(c) is a matter for the discretion of the trial court," and the court "may elect to require no security at all." *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). Due to the First Amendment issues at stake in this case, the Court finds no bond is necessary.