UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BLOUNT PRIDE, INC., a 501(c)(3) nonprofit organization, and MATTHEW LOVEGOOD, <br><br> Plaintiffs, <br><br> v. <br><br> RYAN K. DESMOND, in his individual capacity and official capacity as the District Attorney General of Blount County, Tennessee, *et al.*, <br><br> Defendants. | No. 3:23-CV-00316-JRG-JEM |

## ORDER

This matter is before the Court on the parties' Joint Stipulation to Preliminary Injunction [Doc. 34], in which all the parties agree that "[t]he issues raised in this case involve the same or substantially similar legal issues as those in *Friends of George's v. Mulroy*, No. 23-5611 (6th Cir.)" and that "[i]t would be the most efficient use of party and judicial resources to stipulate to entry of a preliminary injunction," [*id.* at 2]. Defendants specifically "stipulate to the injunctive relief sought in the Plaintiffs' motion for a preliminary injunction." [*Id.*].

By agreement of the parties, therefore, Plaintiffs' Motion for Preliminary Injunction [Doc. 2] is **GRANTED**, and under Federal Rule of Civil Procedure 65(a), Defendants are hereby **ENJOINED** from enforcing Tennessee Code Annotated § 7-51-1407 in the Eastern District of Tennessee; from detaining, arresting, or seeking warrants to detain or arrest anyone for an alleged violation of Tennessee Code Annotated § 7-51-1407 in the Eastern District of Tennessee; and from taking any other action to enforce or threaten to enforce Tennessee Code Annotated § 7-51-1407 in the Eastern District of Tennessee. The Court's preliminary injunction hearing, scheduled for Friday, September 8, 2023, at 10:00 a.m. is **CANCELLED**.

In addition, in light of the parties' admission that the issues in this case are "the same or substantially similar legal issues as those in *Friends of George's v. Mulroy*, No. 23-5611 (6th Cir.)," this case is hereby **STAYED** pending the Sixth Circuit's decision in *Friends of George's*. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (recognizing that a "district court has inherent power to stay proceedings pending resolution of parallel actions in other courts" (citation omitted)); *Monaghan v. Sebelius*, No. 12-15488, 2013 WL 3212597, at *2 (E.D. Mich. June 26, 2013) ("[I]t would be at odds with the notion of judicial economy for this Court to proceed in this case and risk reaching an ultimate resolution that is inconsistent with precedent the Sixth Circuit creates shortly thereafter.").

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
