UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BLOUNT PRIDE, INC., a 501(c)(3) nonprofit organization, and MATTHEW LOVEGOOD, <br><br> Plaintiffs, <br><br> v. <br><br> RYAN K. DESMOND, in his individual capacity and official capacity as the District Attorney General of Blount County, Tennessee, *et al.*, <br><br> Defendants. | No. 3:23-CV-00316-JRG-JEM |

## **ORDER**

This matter is before the Court on a sua sponte review of the record. In August 2023, Plaintiffs, under Federal Rule of Civil Procedure 65, sought a temporary restraining order in response to Defendants' alleged threats to enforce the Adult Entertainment Act, Tenn. Code Annotated § 7-51-1407 ("the Act"), against Plaintiffs at the third annual Blount Pride Festival. The Court granted Plaintiffs' request for a temporary restraining order and enjoined Defendants from enforcing, detaining, arresting, or seeking warrants or taking any other action to enforce or threaten to enforce the Act and from interfering with Blount Pride's festival in any way. [Mem. Op. & Order, Doc. 22, at 15–16]. In issuing a temporary restraining order, the Court made two critical rulings. First, it rejected Defendant District Attorney Desmond's argument that Plaintiffs lacked Article III standing to bring suit. [*Id.* at 7–12]. Second, it concluded that Plaintiffs had succeeded in showing a strong likelihood of success on the merits, i.e., in showing that the Act violates the First Amendment because it is a content-based and viewpoint-based restriction on free speech and is unconstitutionally vague. [*Id.* at 12–13].

In ruling that Plaintiffs had shown a strong likelihood of success on the merits, the Court relied on United States District Judge Thomas L. Parker's opinion in *Friends of Georges, Inc. v. Mulroe*, 675 F. Supp. 3d 831 (W.D. Tenn. 2023), in which Judge Parker determined that the Act violates the First Amendment because it constitutes a content-based and viewpoint-based restriction on free speech and is unconstitutionally vague. *Id.* at 860–877. Judge Parker also made a threshold determination that the plaintiffs had standing to sue the defendants, *id.* at 849–60, though this Court did not expressly rely on Judge Parker's analysis of standing and instead conducted its own fact-specific analysis of standing based on the record before it.

After this Court's entry of a temporary restraining order, the parties moved the Court to stay the case pending the Sixth Circuit's decision in *Friends of George's v. Mulroy*, No. 23-5611 (6th Cir.), an appeal of Judge Parker's opinion. The parties argued that the "[t]he issues raised in this [appeal] involve[d] the same or substantially similar legal issues." [Joint Stipulation, Doc. 35, at 2]. The Court granted the parties' motion and stayed this case until the resolution of the appeal. [Order, Doc. 43, at 1–2]. Without reaching the merits of Judge Parker's decision, the Sixth Circuit reversed it and remanded the case based on a determination that the plaintiffs lacked standing, and it instructed Judge Parker to dismiss the case. *Friends of George's, Inc. v. Mulroy*, 108 F.4th 431, 434–440 (6th Cir. 2024).

The Sixth Circuit's decision in *Friends of George's* now compels this Court to consider whether this case, like Judge Parker's case, demands the same outcome: dismissal for lack of standing. The parties are therefore **ORDERED** to brief the Court, within fourteen days of this Order's date, on whether *Friends of George's* requires the dismissal of this case for lack of standing. If the parties agree that standing is absent, they may file a joint brief or notice, but if they cannot agree, they may file their briefs separately. The stay of this action is hereby **LIFTED**.

2

So ordered.

ENTER:

                                                                    s/J. RONNIE GREER
                                                UNITED STATES DISTRICT JUDGE