UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BLOUNT PRIDE, INC., a 501(c)3, nonprofit organization, and MATTHEW LOVEGOOD, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Civil No. 3:23-cv-00316 |
| RYAN K. DESMOND, in his individual and official capacity as the District Attorney General of Blount County, Tennessee; TONY CRISP, in his official capacity as Maryville Police Chief, | ) ) ) ) ) ) ) ) | District Judge J. Ronnie Greer Magistrate Judge Jill E. McCook |
| *Defendants*. | ) | |

# REPLY BRIEF IN SUPPORT OF DEFENDANT RYAN K. DESMOND'S MOTION TO DISMISS

## TABLE OF CONTENTS

I.   The Amended Complaint Fails to State a Viable "Interference" Claim. ............................ 1

II.  The Amended Complaint Fails to State a Viable Retaliation Claim ................................ 2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. Giles*,
  95 F.4th 436 (6th Cir. 2024) .................................................................................................. 4

*Buckley v. Fitzsimmons*,
  509 U.S. 259 (1993) .............................................................................................................. 2

*Burns v. Reed*,
  500 U.S. 478 (1991) .............................................................................................................. 3

*Crawford v. Tilley*,
  15 F.4th 752 (6th Cir. 2021) .................................................................................................. 3

*Davis v. Colerain Twp.*,
  51 F.4th 164 (6th Cir. 2022) .................................................................................................. 1

*Drake v. Howland*,
  463 F. App'x 523 (6th Cir. 2012) .......................................................................................... 2

*Elend v. Basham*,
  471 F.3d 1199 (11th Cir. 2006) ............................................................................................. 1

*Friends of George's v. Mulroy*,
  108 F.4th 431 (6th Cir. 2024) ................................................................................................ 2

*Fritz v. Charter Township*,
  592 F.3d 718 (6th Cir. 2010) ................................................................................................. 4

*Glenn v. Holder*,
  690 F.3d 417 (6th Cir. 2012) ................................................................................................. 1

*Hall v. Navarre*,
  118 F.4th 749 (6th Cir. 2024) ................................................................................................ 5

*Hall v. Williamsburg*,
  2017 WL 2274327 (E.D. Ky. May 24, 2017) ....................................................................... 2

*Imbler v. Pachtman*,
  424 U.S. 409 (1976) .............................................................................................................. 3

*Josephson v. Ganzel*,
  115 F.4th 771 (6th Cir. 2024) ................................................................................................ 5

*Kalina v. Fletcher*,
   522 U.S. 118 (1997) .................................................................................................. 3

*Kenjoh Outdoor v. Marchbanks*,
   23 F.4th 686 (6th Cir. 2022) .................................................................................. 3, 5

*Kerchen v. Univ. of Michigan*,
   100 F.4th 751 (6th Cir. 2024) ................................................................................... 3

*Kisela v. Hughes*,
   584 U.S. 100 (2018) .................................................................................................. 5

*L. Off. of John H. Eggertsen P.C. v. Comm'r*,
   800 F.3d 758 (6th Cir. 2015) .................................................................................... 5

*Reichle v. Howards*,
   566 U.S. 658 (2012) .................................................................................................. 5

*Siefert v. Hamilton Cnty.*,
   951 F.3d 753 (6th Cir. 2020) .................................................................................... 3

*Spurlock v. Thompson*,
   330 F.3d 791 (6th Cir. 2003) .................................................................................... 2

*Sterling Hotels v. McKay*,
   71 F.4th 463 (6th Cir. 2023) ..................................................................................... 3

*Tessanne v. Children's Hosp. Med. Ctr.*,
   2024 WL 1435306 (6th Cir. Apr. 3, 2024) .............................................................. 1

*Trozzi v. Lake Cnty.*,
   29 F.4th 745 (6th Cir. 2022) ..................................................................................... 4

*United States v. Armstrong*,
   517 U.S. 456 (1996) .................................................................................................. 1

# I. The Amended Complaint Fails to State a Viable "Interference" Claim.

***Standing***: Plaintiffs lack standing for their "interference" claim. "A previously harmed plaintiff may not seek a forward-looking remedy (an injunction to restrain the defendant's future conduct) without evidence that the harmful conduct will reoccur." *Davis v. Colerain Twp.*, 51 F.4th 164, 171 (6th Cir. 2022). And even though the "interference" claim seeks only *prospective* relief, Dkt. 64, PageID# 688, the Response spends pages (at 5-11) arguing that "Plaintiffs have been *injured*"—past tense—from *past* harms. Put simply, there is a "mismatch between [Plaintiffs' alleged] past injury and ... present claim" for injunctive relief. *Davis*, 51 F.4th at 172.

And Plaintiffs have no alleged facts showing that the conduct will reoccur. None. Desmond has issued no threats regarding future performances. And his prior letter cannot be used to establish "an imminent risk of future harm." *Tessanne v. Children's Hosp. Med. Ctr.*, 2024 WL 1435306 at *2 (6th Cir. Apr. 3, 2024). The prior letter addressed only the AEA, and Plaintiffs have admitted that the AEA "does not apply to the conduct they want to undertake." Dkt. 64, PageID# 685. Plaintiffs allude to some theoretical threat that Desmond might wield some other law. Resp. 8. But that argument amounts to a generalized fear of wrongful prosecution, which cannot support standing. *Glenn v. Holder*, 690 F.3d 417, 422 (6th Cir. 2012). No "clear evidence" overcomes the presumption of regularity here. *United States v. Armstrong*, 517 U.S. 456, 464 (1996).

Plaintiffs' "interference" claim boils down to a request that Desmond "obey the law." *Elend v. Basham*, 471 F.3d 1199, 1209-10 (11th Cir. 2006). That does not satisfy Article III.

***Estoppel***: The Response's estoppel arguments (at 15-17) slay a strawman. Desmond does *not* "argue[] that Plaintiffs are estopped from asserting their interference claim because Plaintiffs no longer assert that the AEA is facially unconstitutional." Resp. 15. He argues that Plaintiffs flipped positions whether *the AEA proscribed Plaintiffs' planned performances*. Dkt. 71, PageID#

1

764-65. To obtain a TRO, Plaintiffs convinced this Court that the AEA arguably proscribed their performances. Dkt. 22, PageID# 487-88. Now, Plaintiffs claim that Desmond "interfered" by sending them a "threat letter" when "the AEA did *not even 'arguably' proscribe the Plaintiffs' planned festival and performance*." Dkt. 64, PageID# 684, 686-88. That's a 180° change.

And Plaintiffs prevailed on the prior position. Over Desmond's objection, this Court found that Plaintiffs' performances arguably violated the AEA and issued emergency relief. Dkt. 22, PageID# 487-88. Contrary to Plaintiffs' suggestion (at 15-16), *Friends of George's* did not address this issue. The Sixth Circuit addressed whether Friends of George's performances were "proscribed by the statute," not *Plaintiffs'* performances. 108 F.4th 431, 435-38 (6th Cir. 2024).

## II. The Amended Complaint Fails to State a Viable Retaliation Claim.

***Prosecutorial Immunity***: Plaintiffs' prosecutorial immunity argument only highlights their shifting views of Desmond's letter. At times, the Response (at 24) characterizes Desmond's letter as "legal advice" that falls outside the scope of prosecutorial immunity. But if the letter is just "legal advice" and a neutral "prosecutorial position," then Plaintiffs almost certainly have no claim because the letter accurately states the law. At minimum, qualified immunity applies. *Infra* 3-5. And if the letter conveyed an "intention to prosecute," not "a paper tiger" notice, Dkt. 22, PageID# 488-89, then it indicated a "decision to bring an indictment," which prosecutorial immunity protects "whether [a prosecutor] has probable cause or not." *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993); *see also Drake v. Howland*, 463 F. App'x 523, 527-28 (6th Cir. 2012).

*Spurlock v. Thompson*, 330 F.3d 791 (6th Cir. 2003), is not to the contrary. That case involved the threats to coerce witnesses into testifying—an investigative function. *Id.* at 798-99. And its statement that there can be no immunity "prior to indictment" was "made in dicta and is also at odds with more recent Sixth Circuit decisions affording absolute immunity to actions taken before the defendant had been indicted." *Hall v. Williamsburg*, 2017 WL 2274327 at *12 n.11

2

(E.D. Ky. May 24, 2017), *aff'd,* 768 F. App'x 366 (6th Cir. 2019). Not to mention the Supreme Court precedent recognizing that prosecutorial immunity applies to activities "preliminary to the initiation of a prosecution." *Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976); *see Burns v. Reed*, 500 U.S. 478, 491-92 (1991) (pre-indictment search-warrant proceedings); *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (pre-indictment arrest-warrant proceedings).

***Qualified Immunity***: Plaintiffs (at 25-30) misconstrue qualified immunity. The Response (at 25) first asks this Court to "reserve" the "issue for when the record is further developed." But the Sixth Circuit "has long held that district courts may not avoid ruling on the merits of a qualified immunity defense and permit litigation to proceed further." *Kerchen v. Univ. of Michigan*, 100 F.4th 751, 761 (6th Cir. 2024). Rather, courts must "take[] the complaint's factual allegations as true and decide[] whether—based on those facts—the defendant is entitled to qualified immunity" at the "pleadings stage." *Sterling Hotels v. McKay*, 71 F.4th 463, 467 (6th Cir. 2023).

Next, the Response (at 26) casts dismissal on qualified immunity grounds as "generally inappropriate" at the pleading stage. That overstates the precedent. While some panels expressed a "general preference" to resolving qualified immunity at summary judgment, *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 761-62 (6th Cir. 2020), "no such preference applies to the violation-of-a-constitutional-right prong." *Crawford v. Tilley*, 15 F.4th 752, 764 (6th Cir. 2021). And even with the "clearly established" prong, the preference applies only when a complaint "turn[s] on case-specific details that must be fleshed out in discovery." *Id.* at 765. That is not this case. Desmond accepts the alleged facts in his motion; he just argues that, even accepting those facts, Plaintiffs fail to allege that he violated clearly established law. And "a complaint *distinguishable from our past cases* on its face *will not often* survive a motion to dismiss on qualified immunity grounds." *Id.* at 766 (emphasis added); *see Kenjoh Outdoor v. Marchbanks*, 23 F.4th 686, 695 (6th Cir. 2022).

3

Plaintiffs also assert (at 25) that "Desmond fails to cite an applicable case that shields his conduct here." That gets the inquiry backwards. The burden is on *Plaintiffs*—not Desmond—"to show that closely analogous precedent has placed the 'constitutional question beyond debate.'" *Trozzi v. Lake Cnty.*, 29 F.4th 745, 761 (6th Cir. 2022). And they must "produce an on-point, binding case"—not a smattering of irrelevant decisions from the Second Circuit, Seventh Circuit, and Western District of New York. *Brown v. Giles*, 95 F.4th 436, 439 (6th Cir. 2024) (Thapar, J.).

Plaintiffs cannot do so. While Plaintiffs claim (at 29) that "precedent has placed the violative nature of this particular adverse action beyond debate," they can identify no such case. Desmond's letter stated that he would enforce the law as written without prejudgment. No case says that's an adverse action. If a bar advertised a "college night," surely a prosecutor could inform the bar that it would enforce the law on limiting the sale of alcohol to minors. The same goes here.

Even reading the letter as a threat (to enforce the law), a plethora of cases hold that mere threats do *not* satisfy the adverse action requirement. Dkt. 71, PageID# 771-72. And whether Desmond's cases are distinguishable or not, the question is whether *Plaintiffs* can cite precedent establishing that threats to enforce the law constitute an adverse action. They can't. The only case Plaintiffs' cite that finds an adverse action, *Fritz v. Charter Township*, does not involve threats of lawsuits, prosecutorial statements, or law enforcement. 592 F.3d 718, 723-25 (6th Cir. 2010).

Plaintiffs likewise identify no case that supports their causation theory. They disclaim (at 29) any theory of future-speech retaliation. Instead, they attempt to tie Desmond's "threat letter" to "their pre-show advertising." But Desmond didn't threaten to enforce the AEA against the advertisements; he threatened (according to Plaintiffs) to enforce the law against their *future show*. No case supports Plaintiffs' attempt to blend a retaliation and prior restraint claim.

Nor was the scope of the AEA clearly established at the time of Desmond's letter. Plaintiffs

4

implicitly concede as much (at 16) by justifying their diametrically opposed positions on "developments in the legal universe controlling the case." Plaintiffs cannot have it both ways: They cannot claim that the AEA's scope was clearly established for purposes of qualified immunity and that the law was "develop[ing]" for purposes of estoppel. If Plaintiffs' position on the applicability of the AEA constitutes a "shifting legal argument[]" rather than a "shifting factual argument[]," *L. Off. of John H. Eggertsen P.C. v. Comm'r*, 800 F.3d 758, 766 (6th Cir. 2015), then that necessarily means that the law was not clearly established for qualified immunity purposes.

Rather than engage with these issues, Plaintiffs do what the Supreme Court has "repeatedly told courts" not to do: "define clearly established law at a high level of generality." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (per curiam) (quotations omitted). Plaintiffs argue (at 26) that "the right against retaliation by a government official by means of actual or threatened imposition of government power or sanction is clearly established." But as the Supreme Court has explained, "the right in question is *not* the general right to be free from retaliation for one's speech, but the more specific right to be free from" an established constitutionally adverse action that is causally connected to a plaintiff's clearly established First Amendment rights. *Reichle v. Howards*, 566 U.S. 658, 665 (2012) (emphasis added); *see also Kenjoh Outdoor*, 23 F.4th at 695.

Contra Plaintiffs suggestion (at 26), *Josephson v. Ganzel*, 115 F.4th 771 (6th Cir. 2024) does not change that. One, the Sixth Circuit cannot override a U.S. Supreme Court decision. Two, *Josephson* came *after* Desmond sent his letter. *Hall v. Navarre*, 118 F.4th 749, 759-60 (6th Cir. 2024) (noting that the law must be "clearly established *at the time* of the violation" (emphasis added)). Three, *Josephson* held that it was "beyond debate" that the First Amendment barred *the specific retaliatory action at issue*. 115 F.4th at 789. Plaintiffs selectively quote a topic sentence, while ignoring that *Josephson* went on to analyze the specific "adverse action" at issue. *Id.*

5

Dated: February 18, 2025			Respectfully submitted,

ADAM MORTARA (BPR #040089)		JONATHAN SKRMETTI
Lawfair, LLC				Attorney General and Reporter
40 Burton Hills Blvd, Suite 200
Nashville, TN 37215			/s/ J. Matthew Rice
(773) 750-7154				J. MATTHEW RICE (BPR #040032)
mortara@lawfairllc.com			Solicitor General
					MIRANDA H. JONES (BPR #036070)
					Senior Assistant Attorney General
					Office of the Tennessee
					Attorney General and Reporter
					P. O. Box 20207
					Nashville, TN 37202
					(615) 532-6026
					matt.rice@ag.tn.gov

					*Counsel for Defendant General Desmond*

## CERTIFICATE OF SERVICE

I certify that I filed the above document using the Court's CM/ECF system on February 18, 2025 which electronically served a copy to all counsel of record:

/s/ J. Matthew Rice
J. MATTHEW RICE
Solicitor General